UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JONATHAN BLANDON,
A-246-194-996,

         Petitioner,

    v.

WARDEN OF THE MESA VERDE
DETENTION FACILITY,

         Respondent.

No.  1:26-cv-01117-DAD-DMC-HC

FINDINGS AND RECOMMENDATIONS

Petitioner, an immigration detainee, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. See ECF No. 1. Respondents filed a response, ECF No. 11, and Petitioner filed a reply, ECF No. 12.

## I. BACKGROUND

Petitioner contends he is "in the process of applying for asylum," and was detained by immigration authorities November 8, 2025. See ECF No. 1, pg. 5. According to Petitioner, Intensive Supervision Appearance Program (ISAP) agents called Petitioner in for an appointment and he was arrested and detained when he appeared. See id. Petitioner contends he cannot return to his home country of Nicaragua because "they're going to kill me for political reasons, because of persecution, and my life is in danger if I go back that's why my family fled . . ." Id. at 6.

1

Petitioner asserts that throughout his detention, he has never been provided a bond hearing and Petitioner argues this violated his due process rights. See id. at 6-10. Petitioner contends that prolonged detention, absent an individualized bond hearing violates the due process clause. See id. at 9.

Petitioner was appointed counsel who assisted Petitioner with filing a reply. See ECF No. 12. In the reply, Petitioner argues that "[c]ivil immigration detention must bear a reasonable relation to its nonpunitive purposes," and because the government has not effectuate Petitioner's removal, "continued detention no longer serves a legitimate regulatory purpose and instead becomes punitive in violation of due process." Id. at 2. Petitioner contends "[t]he due process violation is compounded by the fact that Petitioner has been unable to meaningfully participate in his own proceedings," because Petitioner does not speak English and "lacks a sufficient understanding of immigration law and procedure." Id. Petitioner asserts that "his prior immigration counsel was ineffective and that Petitioner intends to file a motion to reopen his immigration proceedings and reconsider the Immigration Judge's decision on a final removal order." Id. at 3. According to Petitioner, he has been ordered removed to Honduras, but he has no ties to that country and would therefore "face severe hardship" if removed there. Id. Petitioner maintains that he cannot safely return to his home country of Nicaragua. See id.

Respondents state that they "do not rely on records outside the current record." ECF No. 11, pg. 1. Respondents contend Petitioner "is subject to mandatory detention under 8 U.S.C. § 1225(b)(2)(A)" because he entered the United States without inspection and "intends to apply for asylum but has not done so yet." Id. (citing ECF No. 1, pg. 18.). Accordingly, Respondents contend "Petitioner is not entitled to a bond hearing." Id. at 2. Respondents "acknowledge[] that the court has not made an affirmative endorsement of the Government's interpretation of Section 1225 and that this court has rejected similar arguments in cases involving other aliens detained under § 1225(b)(1)." Id. at 2, n. 2.

///

///

///

2

## II. DISCUSSION

The undersigned finds that, based on the limited record before the Court, Petitioner's prolonged detention claim is without merit because Petitioner appears to be subject to a final order of removal. However, in light of Petitioner's claim he was ordered removed to a third country, the undersigned finds Petitioner is entitled to procedural protections with regard to removal to a third country and will recommend Petitioner be provided such protections.

As a preliminary matter, it is unclear whether Petitioner has filed for asylum, and the application is in process, or if Petitioner is in the process of preparing his application. Respondents rely on Petitioner's statement "I am in the process of applying for asylum," to conclude that Petitioner has not yet applied. The Court acknowledges that Petitioner's counsel has informed the Court that Petitioner does not speak English and, given he prepared the initial petition without counsel, and absent additional documentation or information, the Court declines to conclude whether Petitioner has yet to apply for asylum, or if his application is in the process. The Court does not find whether Petitioner has a pending application or is preparing his application impacts the analysis herein.

Next, the Court notes that Petitioner states that he was told to appear for an ISAP appointment, which indicates that Petitioner may have been detained and previously released by immigration enforcement. However, neither party provided documents nor made arguments addressing whether Petitioner was re-detained, or if his November 8, 2025, detention was the first time Petitioner encountered immigration enforcement.

### A.    Prolonged Detention

When the Government wants to remove a noncitizen,[1] the normal path is through removal proceedings, which require an evidentiary hearing before an immigration judge. 8 U.S.C. § 1229(a). After a noncitizen is ordered removed, ICE "shall remove the alien from the United States within a period of 90 days . . . ." (the "removal period"). 8 U.S.C. § 1231(a)(1)(A). The removal period begins, as relevant here, on the "date the order of removal becomes

---

[1] The court prefers the term "noncitizen" to "alien." Because the regulatory language at issue frequently uses the term "alien," the court will use the terms interchangeably in this order.

administratively final." Id. § 1231(a)(1)(B)(i). ICE is required to detain the noncitizen during the removal period. § 1231(a)(2). If the noncitizen is not removed during the removal period, ICE "may" continue to detain the noncitizen after the removal period if he falls into certain categories, including that he entered "the United States without being admitted or paroled," or arrived "in the United States at any time or place other than as designated by the Attorney General." §§ 1231(a)(6), 1182(a)(6)(A)(i). Although there is no explicit statutory limit to the period for which a noncitizen may be detained following the removal period, in Zadvydas the Supreme Court noted that a "statute permitting indefinite detention of an alien would raise a serious constitutional problem" under the Fifth Amendment Due Process Clause. Zadvydas v. Davis, 533 U.S. 678, 690 (2001). Accordingly, the Supreme Court held that there is a presumptively reasonable six-month period of post-removal period detention. Id. at 701.

Here, Petitioner concedes he was ordered removed and asserts his removal order indicates Honduras as the country where Petitioner will be removed to, despite the fact that this is not his native country. See ECF No. 12, pg. 3. It is unclear from the record before the Court whether that order of removal is final and whether Petitioner's understanding that he is ordered removed to Honduras is accurate. However, absent information on when Petitioner was ordered removed and if that removal order is final, the undersigned finds Petitioner's indefinite detention claim under Zadvydas is without merit. Petitioner's removal order may not yet be final, in which case Zadvydas, may be distinguishable. Further, while Petitioner has been detained at least five months by the date of this order, Petitioner's detention falls within the presumptively reasonable six-month period.

Indeed, absent knowing when, and if, Petitioner's order of removal became final, Petitioner may be subject to § 1231(a)(2), which mandates detention throughout the 90-day removal period. Thus, the undersigned finds Petitioner's due process claim as to prolonged and punitive detention is without merit and will recommend denying such claim, without prejudice should Petitioner's post-removal order detention period raise concerns about prolonged or indefinite detention.

///

**B.**      **Third Country Removal**

In the removal proceeding, the Immigration Judge determines both whether a noncitizen may be removed and to what country or countries he may be removed. 8 C.F.R. § 1240.12(d) ("When a respondent is ordered removed from the United States, the immigration judge shall identify a country, or countries in the alternative, to which the alien's removal may in the first instance be made, pursuant to [8 U.S.C. § 1231(b)(2)].") Section 1231(b)(2) requires that the immigration judge prioritize removal to countries as follows:

> (1) An alien shall be removed to the country of his choice (subparagraphs (A) to (C)), unless a condition eliminating that command is satisfied; (2) otherwise he shall be removed to the country of which he is a citizen (subparagraph (D)), unless a condition eliminating that command is satisfied; (3) otherwise he shall be removed to a country with which he has a lesser connection (subparagraph (E), clauses (i) to (vi), including the country of his birth (clause (iv))); or (4) if that is "impracticable, inadvisable, or impossible," he shall be removed to another country whose government will accept him (subparagraph (E), clause (vii)).
>
> Jama v. Immigr. and Customs Enf't, 543 U.S. 335, 341 (2005) (citing 8 U.S.C. § 1231(b)(2)).

If the U.S. Department of Homeland Security (DHS) is "unable to remove the alien to the specified or alternative country or countries, the order of the immigration judge does not limit [DHS's authority] to remove the alien to any other country as permitted by [8 U.S.C. § 1231(b)]." 8 C.F.R. § 1240.12(d). Removal to countries identified outside of removal proceedings are referred to as "third country removals." Notwithstanding DHS's authority to effectuate third country removals, noncitizens may not be removed to countries where, as potentially relevant here, their "life or freedom would be threatened in that country because of the alien's race, religion, nationality, membership in a particular social group, or political opinion," (referred to as "withholding of removal"), or where "it is more likely than not that [the noncitizen] would be tortured if removed to the proposed country of removal" (referred to as the "Convention Against Torture" (CAT)). 8 U.S.C. § 1231(b)(3)(A); 8 C.F.R. § 208.16. Both withholding of removal and the CAT provide mandatory protections from removal to the country or countries where the noncitizen is more than likely to be persecuted or tortured. 8 U.S.C. § 1231(b)(3)(A); 8 C.F.R. § 208.16.2 While DHS has the authority to remove a noncitizen to a country not identified in the

5

final removal order, there is no statute or regulation providing a specific procedure to effectuate such a third country removal. See Aden v. Nielsen, 409 F. Supp. 3d 998, 1009 (W.D. Wash. 2019).

The undersigned joins other District Courts in finding that removal to a third country must include notice and a meaningful opportunity to be heard.  See D.V.D. v. U.S. Dep't of Homeland Sec., No. CV 25-10676-BEM, 2025 U.S. Dist. LEXIS 98774, 2025 WL 1453640, at *1 (D. Mass. May 21, 2025); see also  Al-Kashif v. Albarran, No. 1:26-cv-02594-DAD-CKD, 2026 U.S. Dist. LEXIS 79156, *6-7; Danish v. Noem, 2:26-cv-01069-DAD-SCR, 2026 U.S. Dist. LEXIS 66279, *5-6. In D.V.D., the District Court certified a plaintiff class and issued a class-wide injunction, requiring specific procedures prior to third country removal. See id. "Despite the pending D.V.D. class action and the Supreme Court's stay of the injunction issued in that case, numerous courts in the Ninth Circuit have issued injunctive relief requiring identical, or substantially similar, third-country removal procedures as those articulated in the D.V.D. preliminary injunction." A.A.M v. Andrews, No. 1:25-cv-01514-DC-DMC (HC), 2025 U.S. Dist. LEXIS 250678, 2025 WL 3485219, at *6 (E.D. Cal. Dec. 4, 2025) (collecting cases).

Petitioner indicates he is ordered removed to the third country of Honduras, ECF No. 12, but Respondents do not address whether Petitioner was ordered removed to Honduras. In light of this, the undersigned will consider Petitioner's third country removal claim, as it appears to be ripe for review. The undersigned does not address whether Petitioner is a member of the D.V.D. class, because Petitioner makes no such claim and the record does not provide sufficient information. However, the undersigned finds the process ordered as to third country removals in D.V.D. appropriate and will recommend Petitioner be afforded such process.

### III. CONCLUSION

Based on the foregoing, the undersigned recommends:

1.      It is RECOMMENDED that Petitioner's petition for writ of habeas corpus, ECF No. 1, be GRANTED IN PART and DENIED IN PART;

/ / /

2.      It is RECOMMENDED that Petitioner's prolonged detention due process claim be DENIED;

3.      It is RECOMMENDED that Petitioner's third country removal claim be GRANTED;

4.      It is RECOMMENDED that Respondents and their officers, agents, employees, attorneys, and persons acting on their behalf or in concert with them be PROHIBITED from removing Petitioner to a third country without notice and a meaningful opportunity to be heard, following the process laid out in D.V.D. v. United States Dep't of Homeland Sec., No. 25-cv-10676-BEM, 2025 U.S. Dist. LEXIS 98774, 2025 WL 1453640 (D. Mass. May 21, 2025).

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  The undersigned finds that a shortened objection period is warranted in this case given the nature of the relief at issue as well as the fact that the parties have had sufficient time to submit all of their arguments in written briefs.  See United States v. Barney, 568 F.2d 134, 136 (9th Cir. 1978) (per curiam) (stating that 28 U.S.C. § 636(b)(1) sets the maximum objection period and not the minimum); see also Local Rule 304(b).  Thus, within 7 days after being served with these findings and recommendations, any party may file written objections with the Court.  Failure to file objections within the specified time may waive the right to appeal.  See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated:  April 20, 2026

_____
DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE

7