UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JONATHAN BLANDON,

Petitioner,

v.

WARDEN OF THE MESA VERDE
DETENTION FACILITY,

Respondent.

No.  1:26-cv-01117-DAD-DMC (HC)

ORDER ADOPTING FINDINGS AND
RECOMMENDATIONS IN PART AND
GRANTING PETITION FOR WRIT OF
HABEAS CORPUS

(Doc. Nos. 1, 9)

Petitioner Jonathan Blandon is a federal immigration detainee proceeding with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.  This matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On April 20, 2026, the assigned magistrate judge issued findings and recommendations recommending that the petition for writ of habeas corpus (Doc. No. 1) be granted in part.  (Doc. No. 13.)  Specifically, the magistrate judge found that petitioner appeared to be subject to a removal order.  (*Id.* at 3.)  However, the findings and recommendations concluded it was unclear whether that removal order was final and whether petitioner was still within the 90-day mandatory detention period set by 8 U.S.C. § 1231(a)(2).  (*Id.* at 3–4.)  Accordingly, the magistrate judge concluded that petitioner's prolonged detention claim was without merit.  (*Id.* at 4.)  The findings and recommendations also contain a recommendation petitioner's removal to a

1

third country without certain due process procedures be enjoined in light of petitioner's contention that respondents are trying to remove him to Honduras, which is not his country of origin. (*Id.* at 5–6.) The pending findings and recommendations were served on the parties and contained notice that any objections thereto were to be filed within seven (7) days after service. (*Id.* at 7.) To date, no objections have been filed and the time in which to do so has passed.

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), this court has conducted a *de novo* review of the case.

Petitioner provides his declaration stating that he received a final order of removal on January 15, 2026, which he did not appeal. (Doc. No. 12-1 at ¶ 3.) An order of removal is final upon expiration of the time allotted for an appeal in the event that the respondent does not file an appeal within that time. 8 C.F.R. § 1241.1. Title 8 U.S.C. § 1231(a)(2) mandates detention during "the removal period" which is the 90-day period beginning from the date the removal order becomes final. 8 U.S.C. § 1231. Accordingly, petitioner's removal order became administratively final on February 15, 2026, at the latest. 8 C.F.R. § 1003.38(b) (eff. Nov. 14, 2022). Therefore, petitioner's mandatory detention period pursuant to 8 U.S.C. § 1231(a)(2) has expired.

Nevertheless, 8 U.S.C. § 1231(a)(6) authorizes discretionary detention "beyond the removal period." 8 U.S.C. § 1231(a)(6). Although petitioner has not yet been detained for six months following his final removal order, *see Zadvydas v. Davis*, 533 U.S. 678, 701 (2001) (finding that post-final removal order detention was presumptively reasonable until six months), petitioner is not barred from arguing that his detention has become prolonged prior to the six month presumptively reasonable period expiring. *Sweid v. Cantu*, No. 25-cv-03590-PHX-DWL-CDB, 2025 WL 3033655, at *3 (D. Ariz. Oct. 30, 2025) (finding that a petitioner detained pursuant to § 1231(a)(6) may bring a constitutional challenge to confinement prior to six months and collecting cases holding the same). "The central holding of *Zadvydas* is that [§] 1231(a)(6) does not permit detention beyond the initial 90-day removal period when removal is not reasonably foreseeable." *Trinh v. Homan*, 466 F. Supp. 3d 1077, 1092–93 (C.D. Cal. 2020). Here, respondent fails to argue that petitioner's removal is foreseeable, instead arguing only that

2

petitioner is subject to mandatory detention pursuant to 8 U.S.C. § 1225(b)(2)(A). (Doc. No. 11 at 1.) This is incorrect: § 1225 governs detention prior to entry of final removal orders whereas § 1231 governs detention following entry of final removal orders. *See generally Sharma v. Warden of the Golden State Annex Det. Facility*, No. 1:25-cv-01861-AC, 2026 WL 1162718, at *2–5 (E.D. Cal. Apr. 29, 2026) (explaining the differences between the various detention authorities). Respondent did not object to the magistrate judge's finding that a final removal order was entered against petitioner nor has respondent argued that petitioner is properly subject to continued discretionary detention pursuant to 8 U.S.C. § 1231(a)(6). Accordingly, the court finds that respondent has failed to identify any applicable statutory framework which justifies petitioner's continued detention and concludes that immediate release is the appropriate remedy. *See J.P.C. v. Chestnut*, No. 1:26-cv-02108-DAD-JDP, 2026 WL 788129, at *2 (E.D. Cal. Mar. 20, 2026) (finding that immediate release was the appropriate remedy where the respondents failed to identify an applicable detention authority).[1]

For the reasons above,

1. The findings and recommendations issued on April 20, 2026 (Doc. No. 9) are ADOPTED IN PART;

2. Petitioner's petition for writ of habeas corpus (Doc. No. 1) is GRANTED as follows:

    a. Respondent is ORDERED to immediately release petitioner Jonathan Blandon, A-File No. 246-194-996, from respondent's custody;

    b. Respondent is ENJOINED and RESTRAINED from re-detaining petitioner unless it provides petitioner with notice and a pre-detention hearing before an immigration judge, with the procedure for such hearing set in compliance with 8 U.S.C. § 1231 and its implementing regulations;

/////

---

[1] The court also notes that the lack of clarity in this case as to the nature of petitioner's removal order would have been aided by respondent providing the relevant immigration documents in its response to petitioner's petition for writ of habeas corpus. Instead, respondent chose to "not rely on records outside the current record." (Doc. No. 11 at 1.)

3

c.      Respondent and its officers, agents, employees, and persons acting on its behalf or in concert with it are ENJOINED and RESTRAINED from removing petitioner to a third country without notice and a meaningful opportunity to be heard, following the process set forth in *D.V.D. v. U.S. Dep't of Homeland Sec.*, No. 25-cv-10676-BEM, 2025 WL 1453640 (D. Mass. May 21, 2025);

3.      The Clerk of the Court is directed to serve a copy of this order on the Mesa Verde Detention Facility; and

4.      The Clerk of the Court is also directed to ENTER judgment in favor of petitioner and close this case.

IT IS SO ORDERED.

Dated:   **May 28, 2026**                        _____
                                                DALE A. DROZD
                                                UNITED STATES DISTRICT JUDGE

4